<u>NOT FOR PUBLICATION</u>                                    [Docket No. 13]

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

|  |  |
|---|---|
| TRACEY BRADLEY, : | Civil Action No. 06-5255 (RMB) |
| Plaintiff, : |  |
| v. : | **OPINION** |
| NEW JERSEY STATE PAROLE, : et al., |  |
| Defendants. : |  |

Appearances:

Tracey Bradley
#244324/93888B
Mid State Correctional Facility
P.O. Box 866
Wrightstown, New Jersey 08562
         <u>Pro</u> <u>se</u> Plaintiff

Lisa A. Puglisi, Esquire
Office of the Attorney General
Richard J. Hughes Justice Complex
P.O. Box 112
Trenton, New Jersey 08625
(609) 292-8550
         Attorney for Defendants

**BUMB,** United States District Judge:

    This matter comes before the Court upon the Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) by the Defendants ADPS Benko and S.P.O. Romero.  For the reasons set forth below, this motion will granted.

**Statement of Facts:**[1]

At all times relevant to this Complaint, the Plaintiff, Tracey Bradley, was on parole release, subject to electronic monitoring.  Plaintiff claims that Defendants, Assistant District Parole Supervisor ("ADPS") Scott Benko and Senior Parole Officer ("S.P.O.") Carlos Romero (collectively "the Defendants"), came to his residence where Bradley was standing outside waiting for his assigned parole officer (not a named defendant) to arrive to calibrate his electronic monitoring equipment.  As he was waiting, Defendants Benko and Romero arrived and brought Plaintiff to his apartment.  Plaintiff alleges that they knocked on the door and when the Plaintiff's wife answered they "shoved" her to the side and told her to leave the area.

Plaintiff asked the Defendants what was happening and asked why he was "in trouble."  Defendant Romero told Plaintiff that he was a toxicologist.  He then told Plaintiff to put his hands behind his back, for his own safety, while "winking" at Defendant Benko.  Defendant Romero asked Plaintiff if he had to use the bathroom.  Plaintiff answered that he did not know.  Then, Plaintiff alleges that Defendant Romero became "aggressive" with him and walked him to the bathroom which his daughter was using.  Defendant "knocked the door open" and saw Plaintiff's daughter

---

[1] Because this is a motion to dismiss, the Court has based its statement of facts on the Plaintiff's Complaint.

naked from the waist down, and told her to leave.  Plaintiff states that Defendants watched his daughter as she was half-naked.

Plaintiff alleges that then the Defendant officers unzipped Plaintiff's pants and Defendant Romero grabbed Plaintiff's penis, in view of Plaintiff's daughter.  The officers forced Plaintiff to urinate in the cup and then walked him back to the living room.  Defendant Romero then held the urine up to the light and said it was dirty, which he knew because he was an expert.  At this point, Plaintiff alleges, his parole officer had arrived and stated that he had forgotten his specimen cup.  However, Defendant Romero said that he had the specimen and that it was dirty.  Defendant Romero then took the Plaintiff "to the car," presumably arresting him.  Plaintiff states that Defendant Romero then emptied the cup of urine onto the ground.

Plaintiff alleges that five months later, in September of 2006, investigators came to question his daughter about the incident.  It was discovered then that the cup of urine that was poured out was not the Plaintiff's, as Plaintiff's urine had been left in the house.  Plaintiff also alleges that while at his house, Defendant Romero told him that if he filled out "an admission of use" form that they would not lock him up.  Plaintiff filled out the form but was still taken to the Union County Jail.

Plaintiff states that the incident violated his Fifth, Eighth, Ninth and Fourteenth Amendment rights.

**Applicable Standard:**

"Dismissal of a complaint pursuant to Rule 12(b)(6) is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'"  Hackensack Riverkeeper, Inc. v. Del. Ostego Corp., 450 F. Supp. 2d 467, 484 (D.N.J. 2006) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).  The allegations contained in the complaint will be accepted as true.  Cruz v. Beto, 405 U.S. 319, 322 (1972).  Plaintiff will also be "given the benefit of every favorable inference that can be drawn from those allegations." Schrob v. Catterson, 948 F.2d 1402, 1405 (3d Cir. 1991).  However, the plaintiff must make factual allegations and cannot rely on "conclusory recitations of law."  Pennsylvania ex rel. Zimmerman v. Pepsico, Inc., 836 F.2d 173, 179 (3d Cir. 1988).

Because Plaintiff is appearing pro se, this Court will construe his pleadings liberally; "however artfully pleaded," the "allegations of [a] pro se complaint [are held] to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  "When a complaint is filed pro se, the Court will liberally construe the pleadings and will

apply the applicable law, 'irrespective of whether the pro se litigant has mentioned it by name.'")(quoting Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002))(internal citations omitted).

**Discussion:**

    Defendants move to dismiss on several grounds.  First, Defendants allege that Plaintiff has failed to state a claim under the Fifth Amendment because Bradley's allegation that the officers told him that if he signed an acknowledgment admitting that he had used drugs, he would not be locked up, does not constitute coercion which triggers Fifth Amendment protection. Additionally, Defendants argue that the Plaintiff's claim under the Eighth Amendment fails because the Plaintiff was not incarcerated.  As such, the Defendants contend that the Complaint fails to state a claim of cruel and unusual punishment while incarcerated.  Defendants argue that Plaintiff's Ninth Amendment claim has no relevance.  And, finally, Defendants argue that the Plaintiff's Fourteenth Amendment claim fails because Bradley does not sufficiently allege what due process protections were violated.

    Defendants contend that Plaintiff has failed to state a claim pursuant to the Fifth Amendment because he has not shown that he was coerced.  Furthermore, Defendants aver that this

claim fails because Plaintiff has not alleged that the statements were used against him in a criminal proceeding.

First, the Court notes that Plaintiff has clearly alleged that he was coerced into signing the form and for purposes of a motion to dismiss, that will suffice.  However, Defendants are correct that Plaintiff has not stated that the alleged coerced form was used against him in a criminal proceeding.  In fact, Plaintiff's opposition to Defendants' motion states "the Plaintiff was not criminally being charged for a crime he committed because the Plaintiff did not commit any crimes." (Pl.'s Br. at 3).

The Fifth Amendment requires that "no person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const., Amend. V.  Courts have held that "it is not until [a coerced statement is] use[d] in a criminal case that a violation of the Self-Incrimination Clause occurs." Chavez v. Martinez, 538 U.S. 760, 767 (2003)(plurality); Rends v. King, 347 F.3d 550 (3d Cir. 2003) (finding that no Section 1983 violation occurred where statements obtained (without Miranda warnings) were not used in a criminal trial); see also Yarris v. County of Delaware, 465 F.3d 129, 143 (3d Cir. 2006)("[w]e perceive no support. . . for the proposition that the use of impermissible interrogation techniques in securing statements prior to their use in court

constituted an independent violation of [plaintiff's] constitutional rights.").

Therefore, because Plaintiff has not alleged that the form was used against him in a criminal proceeding, the Court will grant Defendants' motion to dismiss on this count. If, however, the form was used against Plaintiff and he has merely failed to plead said fact, the Court will give Plaintiff thirty (30) days from the date of this Opinion and Order to amend his Complaint.

Defendants are also correct that Plaintiff has failed to state a claim under the Eighth Amendment. Because "the Eighth Amendment is limited to those individuals who have been convicted of criminal offenses and are incarcerated[]", Plaintiff has failed to state a claim because he was not incarcerated at the time of the alleged incident. Marsh v. Del. State Univ., 2006 U.S. Dist. LEXIS 1658 at *7 (D. Del. Jan. 19, 2006).

Additionally, this Court finds that Plaintiff has failed to allege a claim pursuant to the Ninth Amendment. The Ninth Amendment provides: "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const., Amend. IX. While it is possible that Plaintiff is referring to privacy, as a "protected penumbra of specific guarantees of the Bill of Rights", Griswold v. Connecticut, 381 U.S. 479, 485 (1965), this Court finds that Plaintiff's complaint fails to state a claim

7

pursuant to the Ninth Amendment.  See Nicolette v. Caruso, 315 F. Supp. 2d 710, 718 (W.D. Pa. 2003) ("section 1983 civil rights claims premised on the Ninth Amendment 'must fail because there are no constitutional rights secured by that amendment.'")(quoting Charles v. Brown, 495 F. Supp. 862 (D.C. Ala. 1980)); Soder v. Chenot, 2007 U.S. Dist. LEXIS 26775 at * 11-12 (M.D. Pa. Apr. 11, 2007) ("[t]he Ninth Amendment does not independently secure any substantive constitutional rights, but rather has been interpreted to be a rule of construction. . . . [a] § 1983 civil rights claim premised on the Ninth Amendment fails because there are no constitutional rights secured by that amendment)(internal citations omitted).

    Finally, with regard to Plaintiff's Fourteenth Amendment assertions, the Court notes that Plaintiff has not sufficiently alleged what due process rights he believes he was deprived of. As such, the Court will grant Defendants' motion to dismiss on this count.  Even assuming that Defendants are correct and Plaintiff's Fourteenth Amendment complaint is related to his return to custody for violation of parole, such a claim would not be cognizable where the decision revoking parole has not been overturned.  See Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006)("where success in a § 1983 action would implicitly call into question the validity of conviction or duration of sentence, the plaintiff must first achieve favorable termination of his

8

available state or federal habeas remedies to challenge the underlying conviction or sentence.").

Finally, while Plaintiff has not explicitly asserted claims under the Fourth Amendment, this Court is required to liberally construe his Complaint.  Doing so, the Court finds that the Plaintiff has asserted facts indicating false arrest and excessive force claims.

Under New Jersey law, false arrest has been defined as "the constraint of the person without legal justification."  <u>Ramirez v. United States</u>, 998 F. Supp. 425, 434 (D.N.J. 1998) (quoting <u>Fleming v. United Postal Service, Inc.</u>, 604 A.2d 657, 680 (N.J. Law Div. 1992)).  In order to support a claim for false arrest, a plaintiff must allege two elements:  (1) that there was an arrest; and (2) that the arrest was made without probable cause.  <u>Dowling v. City of Philadelphia</u>, 855 F.2d 136, 141 (3d Cir. 1988).

In the instant case, Plaintiff alleges facts indicating that there was foul play in his arrest, which in turn led to his current incarceration (presumably for violation of parole).  At this juncture Plaintiff has sufficiently stated a claim.

Moreover, liberally construing the Complaint, Plaintiff also states an excessive force claim against the Defendant officers.  A claim of excessive force by law enforcement officials in the course of an arrest, investigatory stop, or other seizure of a

free citizen is analyzed under the Fourth Amendment's reasonableness standard.  See Graham v. Connor, 490 U.S. 386, 395 (1989); Nelson v. Jashurek, 109 F.3d 142, 145 (3d Cir. 1997); United States v. Johnstone, 107 F.3d 200, 204 (3d Cir. 1997).  The reasonableness inquiry is an objective one:  "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation."  Graham, 490 U.S. at 397; see also Mosley v. Wilson, 102 F.3d 85, 94 (3d Cir. 1996); Baker v. Monroe Tp., 50 F.3d 1186, 1193 (3d Cir. 1995).  It "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight."  Graham, 490 U.S. at 396.

    Although Plaintiff does not specifically use the words "excessive force," the Complaint, liberally construed, includes such a claim.  Plaintiff cites the aggressiveness of the officers and the fact that they touched his penis and forced him to urinate.  He calls it "cruel and unusual punishment."  Although this is used in the Eighth Amendment context, the Court will not read the Complaint as narrowly as Defendants urge.

10

Finally, Defendants urge that the Complaint should be dismissed because the Defendants are sued in their official capacities.  As stated above, Plaintiff has failed to state a claim upon which relief may be granted with the exception of excessive force and false arrest.  However, this Court agrees with Defendants that it appears that Plaintiff has only brought this action against the Defendants in their official capacities and, therefore, those claims should be dismissed.

The Eleventh Amendment provides that, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI.  As a general proposition, a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute.  See e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974).

The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought.  Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984).  Similarly, absent consent by a state, the Eleventh Amendment bars federal court suits for

11

money damages against state officers in their official capacities.  See Kentucky v. Graham, 473 U.S. 159, 169 (1985). Section 1983 does not override a state's Eleventh Amendment immunity.  Quern v. Jordan, 440 U.S. 332 (1979).

In addition, neither states, nor governmental entities that are considered arms of the state for Eleventh Amendment purposes, nor state officers sued in their official capacities for money damages are persons within the meaning of Section 1983.  Will v. Michigan Dept. Of State Police, 491 U.S. 58, 64, 70-71 and n.10 (1989); Grabow v. Southern State Correctional Facility, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (the New Jersey Department of Corrections is not a person under § 1983).  Therefore, even those claims that survived the above analysis must be dismissed because they are asserted against the Defendants in their official capacities.  See e.g., Gill v. Stella, 845 F. Supp. 94, 102 (E.D.N.Y. 1994)(finding that "claims for monetary damages against the Defendants in their official capacities as parole officers is barred by the Eleventh Amendment").

However, as leave to amend a complaint should be freely given when justice so requires, Fed. R. Civ. P. 15(a), Plaintiff shall have thirty (30) days to amend his Complaint should he seek to assert claims against the Defendants in their individual capacities.  See Frasier v. General Elec. Co., 930 F.2d 1004, 1008 (2d Cir. 1991) (stating that courts are to accord pro se

plaintiffs greater flexibility in amending their complaints). If, however, Plaintiff does not submit an amended complaint consistent with this Opinion within thirty (30) days, the Clerk of the Court will be directed to close this file.

An accompanying Order will issue this date.


Dated: June 27, 2007                     s/Renée Marie Bumb
                                         RENÉE MARIE BUMB
                                         United States District Judge

13